Hearing Date and Time:  June 14, 2007, 10:00 a.m. (New York Time)
Objection Deadline:  June 8, 2007, 5:00 p.m. (New York Time)

SCHULTE ROTH & ZABEL LLP
Attorneys for Debtors and Debtors In Possession
919 Third Avenue
New York, NY 10022
Telephone:    (212) 756-2000
Facsimile:    (212) 593-5955
Adam C. Harris (AH 4641)
Abbey Walsh (AW 8766)
Adam L. Hirsch (AH 3594)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case Nos.** |
| **LIONEL L.L.C., et al.,** | **04-17324 (BRL)** |
| **Debtors.** | **(Jointly Administered)** |

**NOTICE OF PROPOSED ORDER GRANTING DEBTORS' (I) OBJECTION AND
MOTION TO ESTIMATE CLAIM NO. 55 (MTH TRADE SECRET DAMAGES CLAIM)
PURSUANT TO SECTIONS 502(b) AND 502(c) OF THE BANKRUPTCY CODE AND
(II) OBJECTION AND MOTION TO EXPUNGE CLAIM NOS. 54 AND 56 (MTH
CLAIMS FOR LEGAL FEES AND INTEREST ON JUDGMENT) PURSUANT TO
SECTION 502(b) OF THE BANKRUPTCY CODE**

        **PLEASE TAKE NOTICE** that on June 1, 2007, the Lionel L.L.C. and Liontech

Company (together, the "Debtors") filed the Debtors' (I) Objection and Motion to Estimate Claim

No. 55 (MTH Trade Secret Damages Claim) Pursuant to Sections 502(b) and 502(c) of the

Bankruptcy Code and (II) Objection and Motion to Expunge Claim Nos. 54 and 56 (MTH

Claims for Legal Fees and Interest on Judgment) Pursuant to Section 502(b) of the Bankruptcy

Code (Docket No. 588) (the "Motion").

        **PLEASE TAKE FURTHER NOTICE** that in connection with the Motion, the

Debtors hereby submit their proposed form of order, attached hereto as Exhibit A, (i) disallowing

10441535.1

and expunging the Interest Claim[1] and the Legal Fees Claim; (ii) classifying the Trade Secrets

Damages Claim as disputed, contingent, and unliquidated; and (iii) setting procedures for a

summary trial in order to estimate the amount of the Trade Secrets Damages Claim for purpose

of allowance under section 502(c) of the Bankruptcy Code.

Dated:  New York, New York
        June 8, 2007

                                SCHULTE ROTH & ZABEL LLP
                                Attorneys for Debtors and Debtors in Possession


                                By: /s/ Adam L. Hirsch
                                    Adam C. Harris (AH 4641)
                                    Abbey Walsh (AW 8677)
                                    Adam L. Hirsch (AH 3594)
                                    919 Third Avenue
                                    New York, New York  10022
                                    (212) 756-2000

---

[1]    Capitalized terms not defined herein shall be defined as in the Motion.

**EXHIBIT A**

**ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| LIONEL, et al., | 04-17324 (BRL) |
| Debtors. | (Jointly Administered) |

### ORDER (I) DISALLOWING AND EXPUNGING CLAIM NOS. 54 AND 56 (MTH CLAIMS FOR LEGAL FEES AND INTEREST ON JUDGMENT) PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, (II) RECLASSIFYING CLAIM NO. 53 AS DISPUTED, CONTINGENT AND UNLIQUIDATED AND (III) SETTING PROCEDURES FOR ESTIMATION OF CLAIM NO. 53

This matter coming before the Court on Lionel L.L.C.'s and Liontech Company's, as debtors and debtors-in-possession (together, the "Debtors"), (I) Objection and Motion to Estimate proof of claim number 55 (the trade secrets damages claim) filed by Mike's Train House, Inc ("MTH") under sections 502(b) and (c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and (II) Objection and Motion to Expunge proof of claim numbers 54 (the interest on judgment claim) and 56 (the trade secret legal fees claim) filed by MTH under section 502(b) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules (the "Motion and Objection"); the Court having reviewed the Motion and Objection; the Court finding that (a) the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding under 28 U.S.C. § 157(b)(2), (c) notice was sufficient under the circumstances and that no other or further notice need be provided, and (d) the Debtors have a good business reason for the relief sought by the Motion and Objection; capitalized terms not otherwise defined herein having the meanings given to them in the Motion; the relief sought by the Motion being in the

best interests of the Debtors, their estates, and their creditors; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein,

IT IS HEREBY ORDERED THAT:

1.  With respect to the Debtors' objections to proofs of claim numbers 54, 55 and

56:

    a.    Proof of Claim numbers 54 (the Interest Claim) and 56 (the Legal Fees Claim) are hereby disallowed and shall be expunged from the Debtors' claim register.

    b.    Proof of Claim number 55 (the Trade Secrets Damages Claim) is hereby reclassified from a liquidated, non-priority unsecured claim to a disputed, contingent, and unliquidated non-priority unsecured claim.

2.  With respect to the Debtors' motion to estimate claim number 55 pursuant to

section 502(c) of the Bankruptcy Code, the motion is hereby GRANTED based on the Court's

finding that the liquidation and final resolution of the Trade Secrets Damages Claim in one or

more non-bankruptcy forums would unduly delay the administration of the Debtors' chapter 11

cases, including, without limitation, the confirmation of the Debtors' Joint Plan of

Reorganization under Chapter 11 of the Bankruptcy Code dated May 21, 2007.

3.  The Court will estimate the Trade Secrets Damages Claim according to the

following schedule and procedures:

    a.The Court will hold a summary trial to estimate the Trade Secrets Damages Claim on August 13 and 14, 2007, or such other date as subsequently ordered by the Court, at which the Debtors and MTH will each be afforded six hours to present its case, to be divided between opening statement, case-in-chief and closing argument in each party's discretion.  Each party shall be entitled to present written direct testimony from three witnesses (each of whom must have previously been deposed in connection with the trial in the United States District Court for the Eastern District of Michigan), which testimony shall be subject to live cross-examination and re-direct examination.

2

b. By no later than Monday, July 30, 2007, each party shall submit to the Court (i) a pretrial brief identifying contested issues of fact and law to be determined at the summary trial, including citations of authority supporting the party's position, (ii) written direct testimony from each of its three witnesses, and (iii) all exhibits which the party intends to introduce at the summary trial in support of its case-in-chief. Each party shall have the right to file any objections to the other party's written direct testimony or motions *in limine* by no later than Monday, August 6, 2007.

c. To the extent ordered by the Court, each party shall submit a post-trial brief by no later than Tuesday, August 28, 2007.

d. Modifications to the foregoing schedule and procedures for the summary trial shall not be permitted unless by written order of the Court.

4.    The requirement pursuant to Local Rule 9013-1(b) that the Debtors file a

memorandum of law in support of the Motion is hereby waived.

Dated: June ___, 2007
       New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE