**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| **LIONEL L.L.C., <u>et</u> <u>al.</u>,** | **Case No. 04-17324 (BRL)** |
| **Debtors.** | **(Jointly Administered)** |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE DEBTORS' JOINT PLAN OF REORGANIZATION <u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>

WHEREAS, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>" or "<u>Company</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "<u>Bankruptcy Code</u>")[1], on November 15, 2004 (the "<u>Petition Date</u>");

WHEREAS, the Debtors filed (i) the Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code dated October 23, 2007 (the "<u>Prior Plan</u>") and (ii) the Second Amended Disclosure Statement with Respect to Second Amended Joint Plan of Reorganization of Lionel L.L.C. and Liontech Company Under Chapter 11 of the United States Bankruptcy Code dated October 23, 2007 (the "<u>Disclosure Statement</u>");

WHEREAS, the Court approved the Disclosure Statement and certain procedures for the solicitation and tabulation of votes on the Prior Plan by order dated October 23, 2007 (the "<u>Solicitation Procedures Order</u>");

---

[1] Unless otherwise specified, all section references are to the Bankruptcy Code.

WHEREAS, on November 6, 2007, an Affidavit of Service (the "Solicitation Affidavit")
was filed with the Court evidencing the service by the Debtors' noticing agent, Kurtzman Carson
Consulting LLC ("KCC"), of the Prior Plan, the Disclosure Statement, the Solicitation
Procedures Order, the Confirmation Hearing Notice, the Ballots, the Notice of Non-Voting
Status (collectively, the "Solicitation Package") in accordance with the Solicitation Procedures
Order;

WHEREAS, on March 24, 2008, Affidavits of Publication (the "Publication Affidavits")
were filed with the Court evidencing the publication of the Confirmation Hearing Notice in the
*New York Times* on February 8, 2008 and in the *Hobby Merchandiser* in the March 2008 issue,
which was published on March 4, 2008;

WHEREAS, the Debtors filed (i) the Third Amended Joint Plan of Reorganization Under
Chapter 11 of the Bankruptcy Code dated March 17, 2008[2] (as subsequently amended or
modified, including by Non-Material Modifications (as defined below), the "Third Amended
Plan") and (ii) the Addendum to the Second Amended Disclosure Statement of Lionel L.L.C.
and Liontech Company Under Chapter 11 of the United States Bankruptcy Code dated March
17, 2008 (the "Addendum");

WHEREAS, the Court entered an order dated March 20, 2008 (the "Addendum Order")
approving (i) the Addendum, (ii) procedures for distribution thereof and (iii) the modification of
the Solicitation Procedures Order to eliminate the need for the Debtors to solicit votes to accept
or reject the Third Amended Plan because all Classes are either deemed to accept or deemed to
reject the Third Amended Plan;

---

[2] Capitalized terms used herein that are not defined have the meanings set forth in the Third Amended Plan.

WHEREAS, on March 21, 2008, an Affidavit of Service (the "Addendum Affidavit")
was filed with the Court evidencing the service by KCC of the Third Amended Plan, the
Addendum and the Addendum Order in accordance with the Addendum Order;

WHEREAS, pursuant to the Addendum Order, the deadline for objecting to the Third
Amended Plan was March 25, 2008 (the "Plan Objection Deadline");

WHEREAS, the Debtors filed the Memorandum in Support of Confirmation of Third
Amended Joint Third Amended Plan of Reorganization of Lionel L.L.C. and Liontech Company
Under Chapter 11 of the United States Bankruptcy Code on March 25, 2008 (the "Supporting
Memorandum");

WHEREAS, the confirmation hearing was held on March 27, 2008 (the "Confirmation
Hearing");

WHEREAS, the Court has reviewed the Third Amended Plan, the Disclosure Statement,
the Addendum, the Supporting Memorandum, and all other pleadings, exhibits, statements and
comments regarding confirmation of the Third Amended Plan;

WHEREAS, the Court has (a) heard the statements of counsel at the Confirmation
Hearing, (b) considered all evidence presented at the Confirmation Hearing, (c) considered all
objections, if any, timely filed in opposition to confirmation of the Third Amended Plan, and (d)
taken judicial notice of the papers and pleadings on file in the above-captioned Chapter 11
Cases; and

WHEREAS, the Court has determined that (a) notice of the Confirmation Hearing and
the opportunity for any party in interest to object to confirmation of the Third Amended Plan was
adequate and appropriate as to all parties to be affected by the Third Amended Plan and the
transactions contemplated thereby, and (b) the legal and factual bases presented at the

Confirmation Hearing establish just cause to confirm the Third Amended Plan and for the relief granted herein;

NOW, THEREFORE, after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law and Order (the "<u>Confirmation Order</u>").

## I.

## <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>[3]

**1.    <u>Jurisdiction and Venue</u>**

The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).  The Court has subject matter jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. § 157(b)(1).  Venue in the Southern District of New York is proper.

**2.    <u>Modifications to the Third Amended Plan</u>**

The non-material modifications to the Third Amended Plan filed on March 20, 2008 and March 26, 2008 (the "Non-Material Modifications") are consistent with all of the provisions of the Bankruptcy Code, including, but not limited to, sections 1122, 1123, 1125 and 1127.  Such Non-Material Amendments to the Third Amended Plan do not adversely change the treatment of holders of Claims and Interests under the Third Amended Plan.

**3.    <u>Judicial Notice</u>**

The Court takes judicial notice of the dockets in these Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all

---

[3] This Confirmation Order constitutes the Court's finding of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable herein by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

orders entered, including, without limitation, the Solicitation Procedures Order, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases including, but not limited to, the hearing for approval of the Disclosure Statement conducted on October 25, 2007, the hearing for approval of the Addendum conducted on March 20, 2008 and the Confirmation Hearing.

**4.      Transmittal and Mailing of Solicitation Materials; Notice**

The Solicitation Package was transmitted and served as set forth in the Solicitation Affidavit, and such transmittal and service of the solicitation materials constituted due and sufficient notice of the Prior Plan, the Confirmation Hearing, the Plan Objection Deadline and the deadline for voting to accept or reject the Prior Plan was adequate and sufficient under the circumstances, was given in compliance with Bankruptcy Rules 2002, 3017 and 3020 and the Solicitation Procedures Order, and no other or further notice shall be required.

The Third Amended Plan, the Addendum and the Addendum Order were transmitted and served as set forth in the Addendum Affidavit, and such transmittal and service constitutes due and sufficient notice of the Third Amended Plan, the Addendum and the Addendum Order, was adequate and sufficient under the circumstances, was given in compliance with Bankruptcy Rules 2002, 3017 and 3020 and the Addendum Order, and no other or further notice shall be required.

**5.      Publication of Confirmation Hearing Notice**

In accordance with Bankruptcy Rules 2002(1) and 3017(d) and the Solicitation Procedures Order, and as set forth in the Publication Affidavits, the Debtors published a form of the Confirmation Hearing Notice in the New York Times - National Edition on February 8, 2008 and in the March 2008 issue of The Hobbyist.

6.      **Voting**

No Classes were entitled to vote to accept or reject the Third Amended Plan.

7.      **Good Faith**

As per the Addendum Order, no solicitation was required under the Third Amended Plan. To the extent of any solicitation done in compliance with the Solicitation Procedures Order prior to the entry of the Addendum Order, the Debtors, the Reorganized Debtors, the Creditors' Committee, Holders of Existing Lionel Membership Interests, Wachovia and Guggenheim and their respective present and former members, officers, directors, employees, advisors, attorneys, and agents, have, and are deemed to have, participated in good faith (within the meaning of section 1125(e)) and in compliance with the applicable provisions of the Bankruptcy Code with respect to the solicitation of acceptances or rejections of the Third Amended Plan and/or the Distributions under the Third Amended Plan and the other activities described in section 1125, and therefore are not, and on account of such Distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Third Amended Plan or the Distributions made pursuant to the Third Amended Plan.  Specifically, pursuant to section 1125(e), none of the parties listed above that participated in (i) the transmittal of solicitation packages (including, without limitation, transmittal of the Third Amended Plan and the Disclosure Statement), as described above, (ii) the solicitation of votes to accept or reject the Third Amended Plan, or (iii) the offer, issuance, sale or purchase of any securities (including, without limitation, the New Lionel Membership Interests, the Exit Financing Facilities and the New Debt/Equity Investment) offered or sold under or in connection with the Third Amended Plan, shall be liable, on account of such actions or such participation, for any violation of any applicable law, rule or regulation governing (x) the solicitation of votes to accept or reject the Third Amended Plan or the offer, or (y) the issuance, sale or purchase of

any securities (including, without limitation the New Lionel Membership Interests, the Exit

Financing Facilities and the New Debt/Equity Investment).

**8.    Burden of Proof**

The Debtors, as proponents of the Third Amended Plan, have the burden of proving the

elements of sections 1129(a) and 1129(b) by a preponderance of the evidence, and the Debtors

have met that burden as further found and determined herein.

**9.    Classes Deemed to have Accepted or Rejected the Third Amended Plan**

Classes 1 (Secured Claims), 2 (Other Priority Claims), 3(a) (General Unsecured Claims),

3(b) (MTH Settlement Claim), 4 (Intercompany Claims) and 5 (Existing Liontech Common

Stock Interests) are unimpaired and deemed to have accepted the Third Amended Plan pursuant

to section 1126(f).  Class 6 (Existing Lionel Membership Interests) is impaired and will not

receive or retain any property under the Third Amended Plan and is deemed to have rejected the

Third Amended Plan pursuant section 1126(g).

**10.    Compliance with Applicable Provisions of the Bankruptcy Code**

The Third Amended Plan complies with all applicable provisions of the Bankruptcy Code

as required by section 1129(a)(1), including, without limitation, sections 1122 and 1123 and

Bankruptcy Rule 3016.

**a)    Section 1123(a)**

The Third Amended Plan fully complies with each requirement of section 1123(a)(1)

through 1123(a)(7), as set forth below:

(a)    Section 1123(a)(1).  Article II of the Third Amended Plan designates each
Class of Claims and Interests, as required by section 1123(a)(1).

(b)    Section 1123(a)(2) and (3).  Article III of the Third Amended Plan
specifies the unimpaired Classes of Claims and Interests and the treatment of each Class of
Interests that is impaired, in accordance with sections 1123(a)(2) and 1123(a)(3).

(c)      Section 1123(a)(4).  In accordance with section 1123(a)(4), the Third Amended Plan provides the same treatment for each Claim or Interest within a particular Class.

(d)      Section 1123(a)(5).  Pursuant to section 1123(a)(5), Article VI of the Third Amended Plan provides adequate means for the Third Amended Plan's implementation. The Debtors represent (and no contrary evidence was presented at the Confirmation Hearing or otherwise) that on the Effective Date, they will have sufficient Cash to make all payments required to be made pursuant to the terms of the Third Amended Plan.  Moreover, Article VI and various other provisions of the Third Amended Plan specifically provide adequate means for the Third Amended Plan's implementation, including, without limitation: (a) the Debtors' continued corporate existence after the Effective Date (Third Amended Plan, Art. VII.A); (b) the release of any and all Liens (Third Amended Plan, Art. VII.C); (c) the vesting of all property of the Estates in the Reorganized Debtors free and clear of all Claims, Liens, encumbrances, charges and other interests of creditors and equity security holders (Third Amended Plan, Art. VII.D); (d) the adoption of the Amended and Restated Operating Agreement and Other Amended and Restated Governing Documents (Plan, Art. VI.B.3); and (e) the appointment of a new Board of Directors for Reorganized Lionel (Plan, Art. VI.B.2).

(e)      Section 1123(a)(6).  Article VI.B.3. of the Third Amended Plan provides that the Amended and Restated Operating Agreement of Reorganized Lionel and the Other Amended and Restated Governing Documents will contain appropriate provisions prohibiting the issuance of nonvoting equity interests to the extent required by section 1123(a)(6) of the Bankruptcy Code.  As of the Effective Date, Reorganized Lionel will have three classes of membership interests, each of which will have voting rights as required by section 1123(a)(6). Moreover, the Amended and Restated Operating Agreement of Reorganized Lionel and the Other Amended and Restated Governing Documents will contain adequate provisions for an appropriate distribution of voting power among the classes of membership interests for the election of directors and other matters submitted to holders of membership interests for a vote.

(f)      Section 1123(a)(7). Under Article VI.B.2 of the Third Amended Plan, the officers of the Reorganized Debtors will be substantially the same as the officers of the Debtors on the Effective Date.  Under Article VI.B.1. of the Plan, the members of the Board of Directors of Reorganized Lionel were chosen by the holders of the New Lionel Membership Interests.  The identity, affiliations, and amount of compensation of the Reorganized Debtors' officers and each member proposed to serve on the Board of Directors after the Effective Date has been disclosed by notice filed with the Court on March 26, 2008, as required by section 1129(a)(5) of the Bankruptcy Code.  The allocation of seats on the Board of Directors and the initial selection of its members is consistent with the interests of the holders of New Lionel Membership Interests, the Amended and Restated Operating Agreement, and public policy.  The manner in which successor officers and directors will be chosen under the Amended and Restated Operating Agreement and Other Amended and Restated Governing Documents is also consistent with public policy.

## b)  The Third Amended Plan Complies with Bankruptcy Rule 3016

(g)      Bankruptcy Rule 3016(a).  The Third Amended Plan is dated and identifies the entities submitting it as proponents, thereby satisfying Bankruptcy Rule 3016(a).

(h)      Bankruptcy Rule 3016(c).  Other than conduct otherwise enjoined by the Bankruptcy Code, the Third Amended Plan describes in specific and conspicuous language in Section VII.F all acts to be enjoined and identifies the entities that would be subject to any such injunction, thereby satisfying Bankruptcy Rule 3016(c).

**11.**    **Plan Complies with Section 1129(a) of the Bankruptcy Code.**

The Third Amended Plan satisfies all of the criteria of section 1129(a), except for section 1129(a)(8).  The Plan may be confirmed even without satisfying section 1129(a)(8) if it satisfies the requirements of section 1129(b) with respect to the treatment of a non-accepting impaired Class.  As discussed in section I.12. below, the Plan meets the requirements of section 1129(b).

**a)   Section 1129(a)(1) - The Third Amended Plan Complies with All Applicable Provisions of the Bankruptcy Code.**

The Third Amended Plan's compliance with the provisions of section 1123 is set forth in section I(1) above.

**b)   Section 1129(a)(2) - The Debtors Have Complied with All Applicable Provisions of the Bankruptcy Code.**

The Debtors, as proponents of the Third Amended Plan, have complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2), including, without limitation, sections 1123, 1125 and 1126 and Bankruptcy Rules 3017, 3018 and 3019.

**c)   Section 1129(a)(3) - The Third Amended Plan Has Been Proposed in Good Faith and Not by Any Means Forbidden by Law.**

The Debtors have proposed the Third Amended Plan in good faith and not by any means forbidden by law.  Consistent with the overriding purpose of chapter 11 of the Bankruptcy Code, the Third Amended Plan is designed to allow each of the Debtors to reorganize on a going concern basis while maximizing recoveries to their creditors.  In determining that the Third Amended Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases, the Third Amended Plan itself, and

the process leading to its formulation.  See Bankruptcy Rule 3020(b)(2).  The Chapter 11 Cases

were filed, and the Third Amended Plan was proposed, with the legitimate purpose of

reorganizing the Debtors in order to maximize the value of their respective Estates.

### d)  Section 1129(a)(4) - The Third Amended Plan Provides for Court Approval of Certain Administrative Expense Payments.

Pursuant to section 1129(a)(4), any payment made or promised by the Debtors or a

person issuing securities or acquiring property under the Third Amended Plan, for services

rendered or expenses incurred in connection with the Chapter 11 Cases, or in connection with the

Third Amended Plan and incident to the Chapter 11 Cases prior to the Effective Date, is subject

to approval of the Court.  The procedures set forth in section III.A.2.b in the Third Amended

Plan for the Court's review and ultimate determination of the fees and expenses to be paid by the

Debtors satisfy the objectives of section 1129(a)(4).  The Third Amended Plan complies in all

respects with section 1129(a)(4).

### e)  Section 1129(a)(5) - The Debtors Have Disclosed the Identity of Proposed Officers and Directors and the Compensation of Insiders.

Pursuant to section 1129(a)(5), the Debtors have disclosed the identity and affiliations of

the five members of the Board of Managers and the officers of the Reorganized Debtors (in the

Notice of Designation of New Board of Managers of the Reorganized Debtors From and After

the Effective Date, filed on March 26, 2008).  The appointment to, or continuance in, such

offices by such persons is consistent with the interests of the Debtors' creditors and with public

policy.  The Debtors have also disclosed the identity of any insider that will be employed or

retained by the Reorganized Debtors, and the nature of any compensation for such insider.

f) **Section 1129(a)(6) - The Third Amended Plan Does Not Contain Any Rate Changes Subject to the Jurisdiction of Any Governmental Regulatory Commission and Will Not Require Governmental Regulatory Approval.**

The Debtors are not subject to the jurisdiction of any governmental regulatory commission and therefore, the Third Amended Plan does not contain any rate changes subject to the jurisdiction of any governmental regulatory commission and will not require governmental regulatory approval. Accordingly, the Third Amended Plan complies with section 1129(a)(6).

g) **Section 1129(a)(7) - The Third Amended Plan Is In the Best Interests of All Holders of Claims and Interests.**

The Third Amended Plan satisfies the "best interests of creditors" test under section 1129(a)(7) in that all classes have either accepted the Third Amended Plan or will not receive or retain property with a value less than would be received in a liquidation under chapter 7 of the Bankruptcy Code. Classes 1, 2, 3, 4 and 5 are deemed to have accepted the Third Amended Plan. Class 6, which is deemed to have rejected the Third Amended Plan, will receive no less than it would in a chapter 7 liquidation, as evidenced by the liquidation analysis annexed to the Disclosure Statement as Exhibit D (the "Liquidation Analysis"), which shows that the Holders of Class 6 Existing Lionel Membership Interests would not receive or retain any property in a liquidation, even assuming the highest valuation of the Debtors' gross liquidation proceeds.

The Liquidation Analysis, including the methodology used and estimations and assumptions made therein, and the evidence related thereto that was adduced at the Confirmation Hearing (a) are persuasive and credible as of the dates such evidence was prepared, presented or adduced, (b) either have not been controverted by other persuasive evidence or have not been challenged, (c) are based upon reasonable and sound assumptions, and (d) provide a reasonable estimate of the liquidation value of the Debtors' Estates upon conversion to a chapter 7 proceeding.

**h)  Section 1129(a)(8) - The Third Amended Plan Has Not Been Accepted by the Impaired Classes of Interests.**

As indicated in Article II of the Third Amended Plan, the following Classes of Claims and Interests are unimpaired under the Third Amended Plan and are conclusively presumed to have accepted the Third Amended Plan pursuant to section 1126(f):

| Description of Class | Class Designation |
|---|---|
| Secured Claims | Class 1 |
| Other Priority Claims | Class 2 |
| General Unsecured Claims | Class 3(a) |
| MTH Settlement Claim | Class 3(b) |
| Intercompany Claims | Class 4 |
| Existing Liontech Common Stock Interests | Class 5 |

Class 6 is impaired and, the Holders of Existing Lionel Membership Interests will neither receive nor retain any property pursuant to the Third Amended Plan.  Class 6 is deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and thus, the Plan does not satisfy section 1129(a)(8).  Nevertheless, the Third Amended Plan may still be confirmed by satisfaction of the requirements of section 1129(b)(1).  As set forth in Section I.12. below, the Plan does satisfy the "cramdown" requirements of sections 1129(b)(1) and 1129(b)(2)(C).

**i)  Section 1129(a)(9) - The Third Amended Plan Provides for the Statutorily Mandated Treatment of Claims Entitled to Priority.**

The Third Amended Plan provides for the statutorily mandated treatment of Administrative Expense Claims and Priority Tax Claims, and Claims entitled to priority under sections 507(a)(3) through 507(a)(9) in the manner required by, and complies in all respects with, section 1129(a)(9).

**j)  Section 1129(a)(10) - There is no Impaired Class of Claims.**

There is no Impaired Class of Claims under the Third Amended Plan and therefore,

section 1129(a)(10) is not applicable.

**k)  Section 1129(a)(11) - The Third Amended Plan Is Feasible.**

The Third Amended Plan is feasible as is required by section 1129(a)(11).  The evidence

proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) has not been

contraverted by other evidence, and (c) establishes that the Third Amended Plan is feasible and

has a reasonable likelihood of success, and that confirmation of the Third Amended Plan is not

likely to be followed by the liquidation, or the need for further financial reorganization, of the

Debtors or the Reorganized Debtors.  Accordingly, the requirements of section 1129(a)(11) are

satisfied in all respects.

**l)  Section 1129(a)(12) - The Third Amended Plan Provides for the Payment
of All Statutory Fees Under 28 U.S.C. §1930.**

The Debtors have paid their quarterly fees during their cases, and under Article

IX.A of the Third Amended Plan, the Debtors will pay on or before the Effective Date of the

Third Amended Plan all fees payable on or before such date pursuant to 28 U.S.C. § 1930.

Article IX.A of the Third Amended Plan also provides that any such fees payable after the

Effective Date will be paid by the applicable Reorganized Debtor as and when such fees become

due.  The Debtors and the Reorganized Debtors have adequate means to pay all such fees.  The

Third Amended Plan therefore satisfies the requirements of section 1129(a)(12).

**m)  Section 1129(a)(13) - The Third Amended Plan Adequately and Properly
Treats Retiree Benefits.**

Pursuant to Article XI of the Third Amended Plan, all benefit plans, including

agreements and programs subject to section 1114 of the Bankruptcy Code, in effect on the

Effective Date will be treated as though they are executory contracts that are assumed under the

Third Amended Plan, and the Debtors' obligations under such agreements and programs will survive the Effective Date.  The Debtors and the Reorganized Debtors will continue to be the contributing sponsors of all pension plans that are defined benefit pension plans under ERISA. Thus, retiree benefits will not be disturbed under the Third Amended Plan and will pass through the bankruptcy unaffected.

### n)  Section 1129(a)(16).[4]

The Third Amended Plan does not contemplate the transfer of any property and therefore section 1129(a)(16) is not applicable.

## 12.   Section 1129(b) - Confirmation of the Third Amended Plan Over Non-Acceptance of Impaired Class.

The Third Amended Plan satisfies the requirements of section 1129(b) with respect to Class 6, the only non-accepting Class under the Plan.  Specifically, the Third Amended Plan is fair and equitable and does not unfairly discriminate against the Holders of Existing Lionel Membership Interests.  The Third Amended Plan is fair and equitable to the members of Class 6 because, in accordance with section 1129(b)(2)(C)(ii), no holder of any interest junior to the Class 6 Interests will receive or retain any property under the Third Amended Plan on account of such junior interest.  The Third Amended Plan does not unfairly discriminate against the members of Class 6 because all Holders of Existing Lionel Membership Interests are grouped together in Class 6 and will receive the same treatment under the Third Amended Plan and there is no other class of similarly situated Interests.

---

[4]       The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 amends section 1129(a) of the Bankruptcy Code by adding sections 1129(a)(14)-(16).  Sections 1129(a)(14) and (15), however, are inapplicable in these Chapter 11 Cases because the cases were filed before October 17, 2005.  Section 1129(a)(16) is applicable to all cases, regardless of the petition date.

13.     **The Principal Purpose of the Third Amended Plan Is Not the Avoidance
        <u>of Taxes - Section 1129(d)</u>**

The principal purpose of the Third Amended Plan is not the avoidance of taxes or the

avoidance of the application of section 5 of the Securities Act of 1933 (as amended, the

"Securities Act"), and no party in interest has filed an objection asserting any such purposes.

Accordingly, the Third Amended Plan satisfies the requirements of section 1129(d) in all

respects.

14.     <u>**Conditions Precedent**</u>

        a)  **Satisfaction or Waiver of Conditions to Confirmation**

The Debtors represent, and no party has objected, that each of the conditions precedent to

confirmation of the Third Amended Plan, as set forth in Section XII.A of the Third Amended

Plan, has been satisfied or waived in accordance with Section XII.C of the Third Amended Plan.

        b)  **Satisfaction or Waiver of Conditions to Occurrence of Effective Date**

Each of the conditions precedent to the occurrence of the Effective Date, as set forth in

Section XII.B of the Third Amended Plan, has been or is reasonably likely to be satisfied or

waived in accordance with Section XII.C of the Third Amended Plan.

15.     <u>**Approval of the Discharges, Compromises, Releases, Exculpations, and Injunctions**</u>

Pursuant to section 1123(b)(3), the discharges, compromises, settlements, releases,

exculpations and injunctions set forth in the Third Amended Plan and implemented by this

Confirmation Order, including, without limitation, Sections VII.D, VII.E, VII.I, VII.J, VII.N of

the Third Amended Plan, are hereby approved as fair, equitable, reasonable and in the best

interests of the Debtors, the Reorganized Debtors, and their Estates, creditors and equity interest

holders.

16.    **Assumption or Rejection of Executory Contracts and Unexpired Leases**

The Debtors have exercised sound business judgment in determining whether to assume or reject each of their executory contracts and unexpired leases as set forth in Article X of the Third Amended Plan.  The assumption or rejection of any executory contract or unexpired lease pursuant to Section X.A of the Third Amended Plan shall be legal, valid, and binding upon the applicable Debtor or Reorganized Debtor and all non-Debtor parties to such executory contract or unexpired lease, all to the same extent as if such assumption or rejection had been effectuated pursuant to an order of the Court entered before the Confirmation Date.

17.    **MTH Settlement Agreement**

Based on the representations set forth in the Supporting Memorandum and the testimony adduced at the Confirmation Hearing, the settlement represents an exercise of sound business judgment by the Debtors, is in the best interests of the Debtors and their estates, and is the result of good faith, arms-length bargaining between the Debtors and MTH.  Entry into the MTH Settlement Agreement will avoid additional protracted and costly litigation between the parties that could reasonably have been expected to materially and adversely affect the Debtors' ability to successfully reorganize and consummate the Third Amended Plan.

Service of the Prior Plan, the Third Amended Plan and the Disclosure Statement, all of which discuss the non-confidential terms of the MTH Settlement Agreement and the fact that the Debtors would seek approval of the agreement in connection with confirmation of the Third Amended Plan, constituted good and sufficient notice of the MTH Settlement Agreement and the Debtors request for approval of the same.

Pursuant to section 1123(b)(6), approval of the MTH Settlement Agreement may be sought in connection with confirmation of the Third Amended Plan.  Lionel and Reorganized Lionel are authorized to take all actions required of them to perform and satisfy their obligations

under the MTH Settlement Agreement.  The Debtors are hereby authorized and directed to take all actions necessary to consummate the MTH Settlement Agreement, including, without limitation, payment of the MTH Settlement Claim, which is hereby an Allowed Claim.

**18.    New Debt/Equity Investments and Other Plan Documents**

The Debtors have entered into (i) a commitment letter dated March 26, 2008 with Guggenheim, under which Guggenheim committed, subject to the conditions set forth therein, to purchase or cause to be purchased by certain additional co-investment entities affiliated with it, Class A units in Reorganized Lionel for an aggregate purchase price of Thirty Seven Million One Hundred Thirty Thousand Dollars and No Cents ($37,130,000.00), on the terms set forth in that certain Memorandum of Terms attached to the commitment letter, (ii) a commitment letter dated March 26, 2008 with Train Acquisition L.L.C. ("Train Acquisition"), under which Train Acquisition committed, subject to the conditions set forth therein, to purchase or cause to be purchased by certain additional co-investment entities affiliated with it, Class A units in Reorganized Lionel for an aggregate purchase price of Twenty One Million Eight Hundred Seventy Thousand Dollars and No Cents ($21,870,000.00), on the terms set forth in that certain Memorandum of Terms attached to the commitment letter and (iii) a commitment letter dated March 26, 2008 with Guggenheim and Train Acquisition, under which Guggenheim and Train Acquisition committed, subject to the conditions set forth therein, to provide the second lien debt financing to Reorganized Lionel in an aggregate amount of Ten Million Dollars and No Cents ($10,000,000), on the terms set forth in that certain Summary of Proposed Terms and Conditions attached to the commitment letter (collectively, the "Commitment Letters").  The Debtors filed a Notice of Filing of Commitment Letters on March 27, 2008 that attached the Commitment Letters.  The Commitment Letters represent, in the aggregate, commitments (subject to

satisfaction of conditions to closing and on the terms and conditions set forth in the term sheets

attached to the Commitment Letters) for $69 million in New Debt/Equity Investments.  The

Court finds that the Commitment Letters and all provisions thereof, including, without limitation,

the alternative transaction fee and exclusivity provisions, are valid, binding and enforceable in

accordance with their terms and that the Debtors may negotiate and enter into definitive

documentation for these New Debt/Equity Investments based on the terms and conditions set

forth in the Commitment Letters, which definitive documentation will be valid, binding and

enforceable once executed.

The Reorganized Debtors have also exercised sound business judgment in determining to

enter into certain additional documents and agreements in furtherance of the Third Amended

Plan, including, without limitation, the Exit Financing Facilities, the Amended and Restated

Operating Agreement, the Other Amended and Restated Governing Documents, and a purchase

agreement for the New Lionel Membership Interests (collectively, and together with all exhibits,

schedules, and related documents and agreements, the "Plan Documents"), and the Court finds

such that upon execution, such documents will be valid, binding, and enforceable.  Such Plan

Documents are essential elements of the Third Amended Plan and entry into such documents is

in the best interests of the Debtors, the Reorganized Debtors, their respective Estates and

creditors.

The parties have represented to the Court (and no contrary evidence was presented) that

the Commitment Letters and the Plan Documents have been negotiated at arm's-length and in

good faith and without intent to hinder, delay or defraud the Debtors, the Reorganized Debtors or

any of their respective creditors.  The Commitment Letters and Plan Documents and the

execution, delivery, and performance under the Plan Documents and the New Debt/Equity

Investments in accordance with their respective terms, are hereby approved in all respects. On the Effective Date, the Reorganized Debtors shall be unconditionally and irrevocably, jointly and severally, liable for all obligations now or hereafter arising under or relating to such Plan Documents and the New Debt/Equity Investments, without any further action by the members, creditors or directors of the Reorganized Debtors, this Court or any other person. On the Effective Date, the Reorganized Debtors are hereby authorized and directed to pay all fees and other amounts referred to in the Plan Documents, the Commitment Letters and the New Debt/Equity Investments (and all documents, instruments and agreements related thereto). The consummation of the Third Amended Plan and the execution, delivery and performance of the Plan Documents, the Commitment Letters and the New Debt/Equity Investments shall not result in or constitute a fraudulent transfer under the applicable federal or state laws.

**19.    Partial Substantive Consolidation of the Debtors Is Appropriate**

Entry of this Confirmation Order shall constitute the approval, pursuant to sections 105(a) and 1123(a)(5)(C), effective as of the Effective Date, of the partial substantive consolidation of the Debtors for all purposes of Distributions under the Third Amended Plan. As a result of the Debtors' integrated and interdependent operations, substantial intercompany guaranties, common officers and directors, common control and decision making, reliance on a consolidated cash management system, and dissemination of principally consolidated financial information to third parties, the Debtors believe that they operated, and creditors dealt with the Debtors, as a single, integrated economic unit. In view of the foregoing, creditors would not be prejudiced to any significant degree by the Debtors' partial substantive consolidation treatment, and partial substantive consolidation will best utilize the Debtors' assets and potential of all of

the Debtors to pay to the creditors of each entity the distributions provided under the Third

Amended Plan.

## II.
## ORDER

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE
ORDERED, ADJUDGED AND DECREED THAT:**

**1.      Order**

This Order shall constitute the (i) Confirmation Order, and thereby confirm the Third

Amended Plan in all respects, (ii) Substantive Consolidation Order, and thereby approve the

partial substantive consolidation of the Debtors for purposes of Distributions under the Third

Amended Plan and (iii) order authorizing and approving the MTH Settlement Agreement and the

Debtors' execution, delivery and performance thereunder.

**2.      Objections**

Any objection to the Third Amended Plan filed or otherwise asserted at the Confirmation

Hearing have been withdrawn or are hereby overruled.

**3.      Confirmation of the Third Amended Plan**

The Third Amended Plan and its provisions are hereby confirmed in all respects pursuant

to section 1129.  The terms of the Third Amended Plan are incorporated by reference into this

Confirmation Order.  The terms of the Third Amended Plan shall be effective, binding and

enforceable in accordance with their respective terms as of the Effective Date.  Notwithstanding

the foregoing, if there is any inconsistency between the terms of the Third Amended Plan and the

terms of this Confirmation Order, the terms of this Confirmation Order shall control.

**4.      Third Amended Plan Classification Controlling**

The classification of Claims and Interests for purposes of distributions under the Third

Amended Plan shall be governed solely by the terms of the Third Amended Plan.

5.      **Treatment of Unclassified Claims**

The provisions of Article II of the Third Amended Plan relating to the treatment of

unclassified Claims, including Administrative Expense Claims, Professional Fees and Expense

Claims, and Priority Tax Claims, are hereby approved in all respects.

6.      **Distributions and Claims Reconciliation**

The provisions of Article IV of the Third Amended Plan regarding (i) Distributions under

the Third Amended Plan, (ii) the reconciliation of Disputed Administrative Claims and Disputed

Claims, including by seeking estimation of such Claims in the Bankruptcy Court, and (iii)

resolving Post-Petition Interest Rate disputes are hereby approved in all respects.

On and after the Effective Date, the Reorganized Debtors shall have sole responsibility

and authority for administering, disputing, objecting to, compromising and settling, or otherwise

resolving and making Distributions with respect to all Claims, including all Administrative

Claims.

7.      **Partial Substantive Consolidation of the Debtors**

The provisions of Article V of the Third Amended Plan regarding the substantive

consolidation of the Debtors for purposes of Distributions under the Third Amended Plan are

hereby approved in all respects.  By this Order, (i) all assets and liabilities of the Debtors will be

deemed to be merged solely for purposes of this Plan and Distributions to be made hereunder on

the Distribution Date, (ii) the obligations of each Debtor will be deemed to be the obligation of

the substantively consolidated Debtors solely for purposes of this Plan and Distributions

hereunder, (iii) any Claims filed or to be filed in connection with any such obligations will be

deemed Claims against the substantively consolidated Debtors, (iv) each Claim filed in the

Chapter 11 Case of any Debtor will be deemed filed against the Debtors in the consolidated

Chapter 11 Case in accordance with the substantive consolidation of the assets and liabilities of

the Debtors, (v) all transfers, disbursements and distributions made by any Debtor hereunder will be deemed to be made by the substantively consolidated Debtors, and (vi) all guarantees of the Debtors of the obligations of any other Debtors shall be deemed eliminated so that any Claim against any Debtor and any guarantee thereof executed by any other Debtor and any joint or several liability of any of the Debtors shall be deemed to be one obligation of the substantively consolidated Debtors.

**8.      Matters Relating to Implementation of the Third Amended Plan**

**a)  Means for Implementation of the Third Amended Plan**

Upon confirmation of the Third Amended Plan, in accordance with this Confirmation Order, the Debtors or Reorganized Debtors, as the case may be, will be authorized to take all necessary or appropriate steps, and perform all necessary or appropriate acts, to consummate the terms and conditions of the Third Amended Plan.  In addition to the provisions set forth elsewhere in the Third Amended Plan, the following shall constitute the means for implementation of the Third Amended Plan.

**b)  Approval and Effectiveness of Commitment Letters.**

The Commitment Letters and the terms and conditions thereof, including, without limitation, the alternative transaction fee and exclusivity provisions, and the transactions contemplated thereby are hereby authorized and approved upon entry of this Confirmation Order, and the Commitment Letters shall be immediately effective, binding, and enforceable upon the parties thereto in accordance with their respective terms and conditions.  The Debtors are hereby authorized to take all actions in connection with the negotiation and documentation and performance under the New Debt/Equity Investments contemplated by the Commitment Letters.

### c) Approval and Effectiveness of Plan Documents.

Entry of this Confirmation Order shall constitute approval of the Plan Documents and all such transactions contemplated thereby, subject to the occurrence of the Effective Date. On the Effective Date, all Plan Documents and all other agreements entered into or documents issued pursuant to the Third Amended Plan shall become effective, binding, and enforceable upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### d) Corporate Action

On the Effective Date, all matters provided for under the Third Amended Plan that would otherwise require approval of the members or directors of one or more of the Debtors or Reorganized Debtors, including, without limitation, the authorization to issue or cause to be issued the New Lionel Membership Interests or interests in any of their affiliates, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date and all such actions taken or caused to be taken for which Bankruptcy Court authorization is required are hereby authorized, without any further act or action under any applicable law, order, rule or regulation (including, without limitation, any requirement of further action by the members or directors of the Debtors or Reorganized Debtors) except as otherwise expressly set forth in the Third Amended Plan. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtors shall, if required, file their amended operating agreements or other constituting documents with the secretary of state of the state in which each Reorganized Debtor is organized, in accordance with the applicable general corporation law of such states.

### e)  Exemption from Registration under Section 1145

To the extent permitted under section 1145 and applicable non-bankruptcy law, the

issuance of the New Lionel Membership Interests shall be exempt from the registration

requirements of the Securities Act of 1933 and any state or local law requiring registration.

### f)  Restructuring Transactions

On and after the Effective Date, the applicable Reorganized Debtors may enter into such

transactions and may take such actions as may be necessary or appropriate to effect a corporate

restructuring of their respective businesses, to otherwise simplify or reorganize the overall

corporate structure of the Reorganized Debtors, in each case subject to the terms, conditions and

restrictions set forth in the Other Amended and Restated Governing Documents of, or otherwise

applicable to, each of the Reorganized Debtors.  Such restructuring may include one or more

mergers, consolidations, restructurings, dispositions, liquidations, or dissolutions, as may be

determined by the Debtors or the Reorganized Debtors to be necessary or appropriate

(collectively, the "Restructuring Transactions").  The actions to effect the Restructuring

Transactions may include: (i) the execution and delivery of appropriate agreements or other

documents of merger, consolidation, restructuring, disposition, liquidation, or dissolution

containing terms that are consistent with the terms of the Third Amended Plan and that satisfy

the applicable requirements of applicable state law and such other terms to which the applicable

entities may agree; (ii) the execution and delivery of appropriate instruments of transfer,

assignment, assumption, or delegation of any asset, property, right, liability, duty, or obligation

on terms consistent with the terms of the Third Amended Plan and having such other terms to

which the applicable entities may agree; (iii) the filing of appropriate certificates or articles of

merger, consolidation, or dissolution pursuant to applicable state law; and (iv) all other actions

that the applicable entities determine to be necessary or appropriate, including making filings or

recordings that may be required by applicable state law in connection with such transactions.

The Restructuring Transactions may include one or more mergers, consolidations, restructurings,

dispositions, liquidations, or dissolutions, as may be determined by the Reorganized Debtors to

be necessary or appropriate to result in substantially all of the respective assets, properties,

rights, liabilities, duties, and obligations of certain of the Reorganized Debtors vesting in one or

more surviving, resulting or acquiring corporations.  In each case in which the surviving,

resulting, or acquiring corporation in any such transaction is a successor to a Reorganized

Debtor, such surviving, resulting, or acquiring corporation will perform the obligations of the

applicable Reorganized Debtor pursuant to the Third Amended Plan to pay or otherwise satisfy

the Allowed Claims against such Reorganized Debtor, except as provided in any contract,

instrument, or other agreement or document effecting a disposition to such surviving, resulting,

or acquiring corporation, which may provide that another Reorganized Debtor will perform such

obligations.

**9.**      **Effect of Confirmation of the Third Amended Plan**

      **a)  Termination of the DIP Agreements**

      (i)      On the Effective Date, upon the payment and satisfaction of all DIP

Facility Claims arising under the Guggenheim DIP Facility and the Wachovia DIP Facility, the

DIP Facilities shall be deemed terminated and all Liens and security interests granted to secure

such obligations shall be deemed terminated and of no further force or effect.  In accordance

with the terms and conditions of the Wachovia DIP Facility and the Guggenheim DIP Facility,

the Debtors are authorized and directed to:

      (A)      remit or cause to be remitted to Wachovia and Guggenheim,

respectively, the amount necessary to indefeasibly pay in full in cash all Obligations (as defined

in the Wachovia DIP Facility) and all Obligations (as defined in the Guggenheim DIP Facility),

in accordance with Article III.A.1. of the Third Amended Plan, which Obligations shall include, without limitation, any amounts provided for under the Final Order (i) Authorizing Debtors to Obtain Postpetition Financing from Guggenheim Corporate Funding, LLC, as Collateral Agent and Lender, and Wachovia Bank, National Association Pursuant to Section 364(c) of the Bankruptcy Code, (ii) Granting Liens and Super-Priority Claims, and (iii) Authorizing the Full Repayment of All Pre-Petition and Post-Petition Claims of the Original DIP Lenders and Certain Pre-Petition Claims of the Note Agent and Purchasers, dated January 27, 2005 (Docket No. 125) (the "Final DIP Order"));

(B)      to the extent requested, execute and deliver to Wachovia and Guggenheim a Release and Termination Agreement, in form and substance acceptable to Wachovia or Guggenheim, as applicable, in accordance with the terms of the Final DIP Order, the Wachovia DIP Facility and the Guggenheim DIP Facility; and

(C)      execute and deliver to each of Wachovia and Guggenheim a release and discharge, which shall be binding and enforceable against each of the Debtors, the Creditors' Committee and their respective Professionals (as defined in the Final DIP Order) from any and all obligations, liabilities or responsibilities whatsoever to hold, reserve for, or otherwise fund or ensure the funding of the Carve-Out (as defined in the Final DIP Order), or from any obligation, responsibility or liability to any party, including the Professionals, to pay, fund or otherwise satisfy the fees and expenses of such Professionals, which shall, in accordance with the terms of the Third Amended Plan, be satisfied by the Debtors.

(ii)      Notwithstanding anything to the contrary in this Confirmation Order or the Third Amended Plan, the liens and security interests securing the Obligations (as defined in the

Final DIP Order) owing to Wachovia and/or Guggenheim shall remain in full force and effect until all such Obligations are indefeasibly paid in full in Cash; and

(iii)    Notwithstanding anything to the contrary contained in this Confirmation Order or the Third Amended Plan, Wachovia's and/or Guggenheim's claims, liens, interests, rights, priorities, protections and remedies arising under or in connection with the Final DIP Order and the DIP Facilities shall extend and continue in full force and effect during the period commencing on the date of this Confirmation Order through the Effective Date (the "Post-Confirmation Period").  Any loans, advances, letter of credit accommodations or other financial or credit accommodations made or provided by Wachovia and/or Guggenheim pursuant to the DIP Facilities at any time during the Post-Confirmation Period shall be fully protected and entitled to all of the rights , claim priority, liens, remedies and protections afforded under the Final DIP Order and the DIP Facilities.

**b)  Term of Bankruptcy Injunction or Stays**

All injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**c)  Revesting of Assets**

(i)    The property of the Estate of each of the Debtors, shall revest in the respective Reorganized Debtor on the Effective Date.

(ii)    As of the Effective Date, pursuant to section 1141, all property of the Debtors and Reorganized Debtors shall be free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Third Amended Plan or in this Confirmation Order.

### d) Releases and Exculpations

The release and exculpation provisions contained in the Third Amended Plan are reasonable, fair and equitable, are given for valuable consideration, are in the best interests of the Debtors and their Estates, and are integral to the Debtors' successful reorganization, and are hereby approved as essential to the success of the Plan and such provisions shall be effective and binding upon all Persons and entities otherwise bound by the terms and conditions of the Plan; provided, however, that nothing contained in this paragraph shall limit the liability of the Debtors' professionals to their clients contrary to the requirements of DR 6-102 of the Professional Code of Responsibility ("[a] lawyer shall not attempt to exonerate himself from or limit his liability to his client for his professional malpractice") or in any way affect the discharge of the Debtors afforded under section 1141 of the Bankruptcy Code and Article VII.E. of the Third Amended Plan.

### e) Injunction Against Interference with the Third Amended Plan

Upon the entry of this Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be permanently enjoined from taking any actions to interfere with the implementation or consummation of the Third Amended Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights. The exercise of consent rights under the Third Amended Plan shall not be deemed to constitute interference with implementation or consummation of the Third Amended Plan.

### f) Discharge

The rights afforded under the Third Amended Plan and the treatment of all Claims and Interests thereunder shall be in exchange for and in complete satisfaction, discharge, and release of all Claims or Interests of any kind or nature whatsoever, including any interest accrued on

such Claims from and after the Petition Date, against the Debtors, the Reorganized Debtors or any of their respective assets or properties, arising prior to the Effective Date.  Except as otherwise expressly specified in the Third Amended Plan or this Confirmation Order, this Confirmation Order shall act as of the Effective Date as a discharge of all debts of, Claims against, Liens on, and Interests in the Debtors, their respective assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or Interest with respect thereto was filed, whether the Claim or Interest is Allowed, or whether the holder thereof votes to accept the Plan or is entitled to receive a Distribution hereunder.  Except as otherwise expressly specified in the Third Amended Plan or this Confirmation Order, after the Effective Date, any Holder of such discharged Claim or Interest shall be precluded from asserting any other or further Claim against, or Interest in, the Debtors, the Reorganized Debtors, or any of their respective assets or properties, based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the Effective Date. Notwithstanding the foregoing, any Claims of MTH arising prior to the effective date of the MTH Settlement Agreement, and not released pursuant to the terms thereof, shall not be subject to discharge hereunder, provided that such Claims are asserted within ninety days of the effective date of the MTH Settlement Agreement and do not, in the aggregate, exceed the limitation on such Claims as set forth in the MTH Settlement Agreement.

### g)  Injunction Related to Discharge

Except as otherwise expressly provided in the Third Amended Plan, this Confirmation Order or a separate order of this Court, all Persons who have held, hold or may hold Claims against or Interests in any or all of the Debtors, are permanently enjoined, on and after the Effective Date, from (a) commencing or continuing in any manner any action or other

proceeding of any kind with respect to any such Claim or Interest, (b) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors on account of any such Claim or Interest, (c) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest and (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest.  Such injunctions shall extend to successors of the Debtors (including, without limitation, the Reorganized Debtors) and their respective properties and interests in property. Notwithstanding the foregoing, MTH shall not be enjoined from commencing, prosecuting and collecting on any Claim that has been excepted from discharge hereunder and under the Third Amended Plan.

**10.**    **Provisions Regarding Corporate Governance and Management of the Reorganized Debtors**

    **a)  General**

On the Effective Date, the management, control and operation of the Reorganized Debtors shall become the general responsibility of the Boards of Managers of Reorganized Lionel, which shall, thereafter, have the responsibility for the management, control and operation of the Reorganized Debtors.

    **b)  Officers**

The officers of the respective Debtors immediately prior to the Effective Date shall serve as the initial officers of the respective Reorganized Debtors on and after the Effective Date and in accordance with any employment agreement with the Reorganized Debtors, the applicable organizational documents, and applicable non-bankruptcy law.  After the Effective Date, the

officers of the respective Reorganized Debtors shall be determined by the Board of Managers, in each case until their respective resignations or removal in accordance with applicable law and the applicable organizational documents.

### c) Amended and Restated Operating Agreement and Other Amended and Restated Governing Documents

The adoption of the Amended and Restated Operating Agreement and Other Amended and Restated Governing Documents shall be deemed to have occurred and be effective as of the Effective Date without any further action by the directors, stockholders, partners or members (as the case may be) of the Debtors or Reorganized Debtors.  The Amended and Restated Operating Agreement and each of the Other Amended and Restated Governing Documents shall be in form and substance reasonably acceptable to the Holders of the New Lionel Membership Interests and will, among other things, contain appropriate provisions prohibiting the issuance of nonvoting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code.  On or prior to the Effective Date, the Debtors will, if required by applicable state law, file with the Secretary of State of the appropriate jurisdiction the Amended and Restated Operating Agreement and Other Amended and Restated Governing Documents.

### d) Powers and Authorization of Debtors, Reorganized Debtors and Officers

The entry of this Confirmation Order shall constitute authorization for the Debtors and the Reorganized Debtors to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate the Third Amended Plan as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan prior to, on and after the Effective Date and all such actions taken or caused to be taken for which Bankruptcy Court authorization is required shall be deemed to have been authorized by the

Bankruptcy Court without further act or action under any applicable law, order, rule or regulation, except as otherwise expressly set forth in the Third Amended Plan.

The officers of the Debtors or the Reorganized Debtors, as the case may be, shall have the power to enter into and to execute, deliver, file and record (as necessary) any contract, instrument, release and other document, including, without limitation, the New Debt/Equity Investments, documents evidencing the Exit Financing Facilities and any other Plan Documents to which the Reorganized Debtors are to be a party and (subject to the approval of the board of managers of Reorganized Lionel) to take such other or further action as they deem reasonable and appropriate to effectuate the terms of the Third Amended Plan.

> ### e)   Operation of the Debtors in Possession Between the Confirmation Date and the Effective Date

The Debtors shall continue to operate as debtors in possession in the ordinary course, consistent with past practice, subject to the supervision of this Court and pursuant to the Bankruptcy Code and the Bankruptcy Rules during the period from the Confirmation Date through and until the Effective Date, and any obligation incurred by the Debtors during that period shall constitute an Administrative Claim unless otherwise provided hereunder or except as otherwise ordered by the Court.

> ### f)   Administration After the Effective Date

After the Effective Date, the Reorganized Debtors may operate their businesses, and may use, acquire, and dispose of their property, free of any restrictions of the Bankruptcy Code and Bankruptcy Rules, except as otherwise provided in the Third Amended Plan.

### 11.   Approval of MTH Settlement Agreement

The MTH Settlement Agreement is hereby approved pursuant to section 1123(b)(3)(A) as satisfying the standards for approval under Bankruptcy Rule 9019(a).  Based on the

representations set forth in the Supporting Memorandum and on the record at the Confirmation

Hearing, the settlement represents an exercise of sound business judgment by the Debtors, is in

the best interests of the Debtors and their estates, and is the result of good faith, arms-length

bargaining between the Debtors and MTH.  Entry into the Settlement Agreement will avoid

additional protracted and costly litigation between the parties that could reasonably have been

expected to materially and adversely affect the Debtors' ability to successfully reorganize and

consummate the Third Amended Plan.

Service of the Prior Plan, the Third Amended Plan and the Disclosure Statement, all of

which discuss the non-confidential terms of the MTH Settlement Agreement and the fact that the

Debtors would seek approval of the agreement in connection with confirmation of the Third

Amended Plan, constituted good and sufficient notice of the MTH Settlement Agreement and the

Debtors request for approval of the same.

The Debtors are hereby authorized and directed to take all actions necessary to

consummate the MTH Settlement Agreement, including, without limitation, payment of the

MTH Settlement Claim, which is hereby an Allowed Claim.

## 12.    **Treatment of Executory Contracts and Unexpired Leases**

### a)  **Assumption and Rejection**

The executory contract and unexpired lease provisions set forth in Article X of the Third

Amended Plan are hereby approved in their entirety.  On the Effective Date, all executory

contracts and unexpired leases to which any of the Debtors is a party shall be deemed assumed in

accordance with sections 365 and 1123, except those executory contracts and unexpired leases (i)

which previously have been rejected pursuant to an order of the Bankruptcy Court entered prior

to the Effective Date and (ii) as to which a motion for approval of the rejection of such executory

contract or unexpired lease has been filed and served prior to the Effective Date.  Entry of this

Confirmation Order shall constitute approval of such assumption or rejection, as applicable, as of the Effective Date.  Any and all executory contracts or unexpired leases which are to be assumed by the Debtors shall be assigned and transferred to, and remain in full force and effect for the benefit of the Reorganized Debtors, as applicable, as of the Effective Date, notwithstanding any provision in such contract or lease (including those described in sections 365(b)(2) and (f)) that prohibits such assignment or transfer or that causes or requires termination of such contract or lease.

### b)  Cure of Defaults

Except as otherwise agreed to by the parties, on the Distribution Date, the Reorganized Debtors shall cure any and all undisputed defaults under any executory contract or unexpired lease that is assumed pursuant to the Plan in accordance with section 365 of the Bankruptcy Code.  Unless the parties to the contract or lease agree otherwise, all disputed defaults that are required to be cured shall be cured by the later to occur of (i) ten (10) days after the entry of a Final Order determining the amount, if any, of the Debtors or the Reorganized Debtors' liability with respect thereto and (ii) the Distribution Date.

### c)  Rejection Damage Claims

All Claims for damages arising from the rejection of executory contracts or unexpired leases must be filed with the Court in accordance with the terms of the order authorizing such rejection.  Any Claims not filed within such time shall be forever barred from assertion against the Debtors, their respective estates and the Reorganized Debtors.  All Allowed Claims arising from the rejection of executory contracts or unexpired leases shall be treated as General Unsecured Claims.

13.    **Benefit Plans**

Subject to the occurrence of the Effective Date, all employee compensation and benefit

plans, policies and programs of the Debtors applicable generally to their employees, including

agreements and programs subject to section 1114 of the Bankruptcy Code, as in effect on the

Effective Date, including, without limitation, all savings plans, retirement plans, health care

plans, disability plans, severance benefit plans, incentive plans, and life, accidental death, and

dismemberment insurance plans and workers' compensation programs, shall be deemed to be,

and shall be treated as though they are, executory contracts that are assumed under the Plan, and

the Debtors' obligations under such agreements and programs shall survive the Effective Date of

the Plan, without prejudice to the Reorganized Debtors' rights under applicable non-bankruptcy

law to modify, amend, or terminate the foregoing arrangements, except for (i) such executory

contracts or plans specifically rejected pursuant to the Plan (to the extent such rejection does not

violate section 1114 of the Bankruptcy Code) and (ii) such executory contracts or plans that have

previously been terminated or rejected, pursuant to a Final Order, or specifically waived by the

beneficiaries of such plans, contracts or programs.

The Debtors and the Reorganized Debtors, as the case may be, will continue to be the

contributing sponsors of all pension plans which are defined benefit pension plans under Title IV

of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461.

As of the Effective Date, (i) such pension plans are subject to the minimum funding requirements

of ERISA and section 412 of the Internal Revenue Code, (ii) no provision of the Third Amended

Plan, this Confirmation Order, or section 1141 of the Bankruptcy Code, shall, or shall be

construed to, discharge, release or relieve the Debtors or any other party, in any capacity, from

any liability with respect to such pension plans under ERISA or under Internal Revenue Code

section 412 and (iii) neither the Pension Benefit Guaranty Corporation nor such pension plans shall be enjoined from enforcing such liability as a result of the Third Amended Plan's provisions for satisfaction, release and discharge of Claims.

**14.** **Miscellaneous Provisions**

    **a) Effectuating Documents and Further Transactions**

Each of the Debtors or Reorganized Debtors, as the case may be, is hereby authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Third Amended Plan and any notes issued pursuant to the Third Amended Plan.

    **b) Exemption from Transfer Taxes**

Pursuant to section 1146(c), the issuance, transfer or exchange of notes or equity securities under the Third Amended Plan, the creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Third Amended Plan, executed in connection with any of the transactions required by the Third Amended Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

    **c) Termination of Creditors' Committee**

The Creditors' Committee shall continue in existence until the Effective Date and shall continue to exercise those powers and perform those duties specified in section 1103 of the Bankruptcy Code and shall perform such other duties as it may have been assigned by the Bankruptcy Court prior to the Effective Date. On the Effective Date, the Creditors' Committee shall be dissolved and its members shall be deemed released of all of their duties, responsibilities and obligations in connection with the Chapter 11 Cases or the Third Amended Plan and its

implementation, and the retention or employment of the Creditors' Committee's attorneys,

financial advisors, and other agents shall terminate except that the Creditors' Committee shall

continue to have standing and a right to be heard, and shall continue to be authorized to utilize

their Professionals at the Debtors' expense subject to the terms of the order of the Bankruptcy

Court regarding professional fee compensation, with respect to (i) all Fee Claims, (ii) any

appeals of the Confirmation Order, (iii) any adversary proceedings pending as of the Effective

Date to which it may be a party and (iv) post-Effective Date modifications to the Plan; provided,

however, that neither the Creditors' Committee nor its Professionals shall have the right to

reimbursement from the Debtors for any fees or expenses incurred after the date on which all

claims of Class 3(a) General Unsecured Claims are satisfied by payment in accordance with the

terms of the Plan or by funding a Disputed Claim Reserve for each Disputed General Unsecured

Claim.

### d)  Post-Effective Date Fees and Expenses

From and after the Effective Date, the Reorganized Debtors shall, in the ordinary course

of business and without the necessity for any approval by the Bankruptcy Court, pay the

reasonable fees and expenses of Professionals thereafter incurred by the Reorganized Debtors,

including, without limitation, those fees and expenses incurred in connection with the

implementation and consummation of the Third Amended Plan.

### e)  Payment of Statutory Fees

The Reorganized Debtors shall be responsible for timely payment of fees incurred

pursuant to 28 U.S.C. § 1930(a)(6).  After confirmation, the Reorganized Debtors shall file with

this Court and serve on the U.S. Trustee a quarterly financial report regarding all income and

disbursements, including all plan payments, for each quarter (or portion thereof) the cases remain

open.

**f)  Amendment or Modification of the Third Amended Plan.**

(i)    <u>Third Amended Plan Amendments</u>.  The Third Amended Plan may be altered, amended or modified by the Debtors, with the consent of the Creditors' Committee, Guggenheim, Wachovia, the New Debt/Equity Investors and the lenders under the Exit Financing Facilities, at any time after the Confirmation Date in conformity with section 1127(b), provided that such consents shall be provided as required under each respective lender's Exit Financing Facility; provided further that the Third Amended Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 and the Bankruptcy Court, after notice and a hearing, confirms the Third Amended Plan, as altered, amended or modified, under section 1129 and the circumstances warrant such alterations, amendments or modifications.  The Third Amended Plan, as altered, amended or modified, will be binding on all holders of Claims and Interests under the Third Amended Plan as long as the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

(ii)    <u>Other Amendments.</u>  Prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Third Amended Plan without further order or approval of the Bankruptcy Court; provided that any consents required under the Exit Financing Facilities shall first be obtained.

**g)  Binding Effect**

The Third Amended Plan shall be binding upon and inure to the benefit of the Debtors, the holders of Claims and Equity Interests, and their respective successors and assigns, including, without limitation, the Reorganized Debtors.

### h)  Notices

All notices, requests and demands to or upon the Debtors or the Reorganized Debtors to be effective shall be in writing and, unless otherwise expressly provided for in the Third Amended Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, to the addresses set forth in Section IX.H of the Third Amended Plan.

### i)  Withholding and Reporting Requirements

In connection with the consummation of the Third Amended Plan, the Debtors or the Reorganized Debtors, as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions made pursuant to the Third Amended Plan shall be subject to any such withholding and reporting requirements.

### j)  Filing of Additional Documents

On or before Substantial Consummation of the Third Amended Plan, the Debtors shall file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Third Amended Plan.

### k)  No Admissions

Notwithstanding anything in the Third Amended Plan to the contrary, nothing contained therein shall be deemed as an admission by any Person with respect to any matter set forth in the Third Amended Plan.

### l)  Validity and Enforceability of Third Amended Plan Provisions

The failure to reference any particular provision of the Third Amended Plan, or any document related to the Third Amended Plan, in this Confirmation Order shall have no effect on

the binding effect, enforceability or legality of such provisions, and such provisions of the Third

Amended Plan shall have the same binding effect, enforceability or legality as every other

provision of the Third Amended Plan.  Each term and provision of the Third Amended Plan shall

be valid and enforceable pursuant to its terms.

### m) Substantial Consummation

On the Effective Date, the Third Amended Plan shall be deemed to be substantially

consummated under sections 1101 and 1127(b).

## 15.    Retention of Jurisdiction

This Court shall have exclusive jurisdiction of all matters arising out of, and related to,

the Chapter 11 Cases and the Third Amended Plan pursuant to, and for the purposes of, sections

105(a) and 1142 and for, among other things, the following purposes:

(a)    to hear and determine applications for the assumption or rejection of executory contracts or unexpired leases pending on the Confirmation Date, and the allowance of Claims resulting therefrom;

(b)    to determine any other applications, adversary proceedings, and contested matters pending on the Effective Date;

(c)    to ensure that Distributions to holders of Allowed Claims and Interests are accomplished as provided herein;

(d)    to resolve disputes as to the ownership of any Claim or Interest;

(e)    to hear and determine timely objections to, or other proceedings challenging the allowance of, Administrative Claims and Claims (including, without limitation, proceedings under section 502(c));

(f)    to hear and determine any disputes arising by the filing of a Post-Petition Interest Rate Determination Notice by a holder of an Allowed General Unsecured Claim;

(g)    to enter and implement such orders as may be appropriate in the event this Confirmation Order is for any reason stayed, revoked, modified or vacated;

(h)    to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142;

(i)    to consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any order of the Court, including, without limitation, the Confirmation Order;

(j)    to hear and determine all applications for compensation and reimbursement of expenses of professionals under sections 330, 331 and 503(b);

(k)    to hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan;

(l)    to hear and determine any issue for which the Plan requires an order of, or other relief from, the Bankruptcy Court;

(m)    to hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505 and 1146;

(n)    to hear and determine any Litigation Claims preserved under the Plan under sections 544, 547, 548, 549, 550, 551 and 553;

(o)    to hear and determine any matter regarding the existence, nature and scope of the Debtors' discharge;

(p)    to hear and determine any matter regarding the existence, nature, and scope of the releases and exculpation provided in Article VII of the Plan; and

(q)    to enter a final decree closing the Chapter 11 Cases.

Notwithstanding the foregoing, nothing in the Third Amended Plan shall divest or deprive any other court or agency of any jurisdiction it may have over the Reorganized Debtors under applicable environmental laws.

## 16.    <u>Exclusivity</u>

By entry of this order the Debtors exclusive periods for filing and seeking acceptance and rejections of a plan are hereby extended, pursuant to section 1121(d) until May 31, 2008.

## 17.    <u>Authorization to Consummate the Third Amended Plan</u>

The Debtors and the Reorganized Debtors are authorized to consummate the Third Amended Plan, subject to the satisfaction or waiver of the conditions precedent to occurrence of the Effective Date as set forth in Section XII.B of the Third Amended Plan.

18.    **<u>Waiver of 10-Day Stay Period</u>**

Pursuant to Bankruptcy Rule 3020(e), the 10-day stay of the effectiveness of this Order is

hereby waived, and this Order shall be immediately effective upon entry.

Dated:  New York, New York
        March 31, 2008

<u>/s/Burton R. Lifland</u>
UNITED STATES BANKRUPTCY JUDGE